| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-1718 JGB (SPx)** | Date | April 4, 2019 |
| Title | ***Rolloco Holdings, Inc. et al. v. VLP Capital, Inc. et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING IN PART Defendants' Motions to Dismiss (Dkt. Nos. 40, 41, 42, 49); (2) REMANDING the Case to the Riverside Superior Court; and (3) VACATING the April 8, 2019 Hearing (IN CHAMBERS)

     Before the Court are four motions to dismiss Plaintiffs' Second Amended Complaint: one filed by Defendant R2H, LLC ("R2H") ("R2H MTD," Dkt. No. 40); one filed by Defendants Desert Dunes, LLC ("DD LLC") and Robert Hensler (collectively, "Desert Dunes Defendants") ("DD MTD," Dkt. No. 41); one filed by Defendants BTC Developments, Inc. ("BTC") (formerly known as VLP Capital, Inc., a California Corporation ("VLP CA")), VLP Capital, Inc., a Nevada Corporation ("VLP NV"), VLP Management, Ltd. ("VLP Mgmt"), LJ Acquisitions, LLC ("LJ"), M.A.N. Holdings, LLC ("M.A.N."), CV Land Company, LLC ("CV Land Co."), GMS Developments, LLC ("GMS"), Desert Dunes Management, LLC ("DD Mgmt"), DDGC Holdings, Ltd. ("DDGC Holdings"), DDGC Operations, Ltd. ("DDGC Ops"), Desert Dunes Condos, LP ("DD Condos"), Glen Brayshaw, Michael Nyhuis, and Sean Runnels (collectively, "BTC Defendants") ("BTC MTD," Dkt. No. 42); and one filed by Gene O'Brien ("O'Brien MTD," Dkt. No. 49) (collectively, "Motions"). The Court determines the Motions are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motions, the Court GRANTS IN PART the Motions. The hearing set for April 8, 2019 is VACATED.

## I.   PROCEDURAL BACKGROUND

     On July 2, 2018, Plaintiffs Rolloco Holdings, Inc., Cathy Rollo, and Tony Rollo ("Plaintiffs") commenced this action by filing a complaint in the California Superior Court for

the County of Riverside.  ("Complaint," Dkt. No. 1-1.)  The action was removed to this Court on August 16, 2018.  (See Notice of Removal, Dkt. No. 1.)  On August 30, 2018, Plaintiffs moved for a preliminary injunction prohibiting R2H from selling the property that was the subject of Plaintiffs' Complaint in foreclosure.  ("PI Motion," Dkt. No. 15.)  The Court denied the PI Motion on September 6, 2018.  ("PI Order," Dkt. No. 27.)

On October 8, 2018, Plaintiffs filed a First Amended Complaint.  ("FAC," Dkt. No. 37.) Shortly thereafter, they filed a Second Amended Complaint containing twenty-seven causes of action.[1]  ("SAC," Dkt. No. 39.)

On November 15, 2018, R2H,[2] the Desert Dunes Defendants, and the BTC Defendants filed their MTDs.  The Desert Dunes Defendants' MTD was accompanied by a memorandum of points and authorities.  ("DD Memo," Dkt. No 41-1.)  On November 29, 2018, O'Brien filed his MTD, along with a memorandum of points and authorities.  ("O'Brien Memo," Dkt. No. 49-1.)

Plaintiffs filed oppositions to the MTDs on January 7, 2019.  ("R2H MTD Opp.," Dkt. No. 53; "DD MTD Opp.," Dkt. No. 54; "BTC MTD Opp.," Dkt. No. 55; "O'Brien MTD Opp.," Dkt. No. 57; collectively, "Oppositions.")  On January 14, 2019, R2H, the Desert Dunes Defendants, and the BTC Defendants filed replies in support of their respective MTDs.  ("R2H Reply," Dkt. No. 62; "DD Reply," Dkt. No. 60; "BTC Reply," Dkt. No. 61.)  On the same day, O'Brien submitted a declaration explaining that his attorney "ha[d] suffered a medical event that . . . prevent[ed] him from preparing [O'Brien's] reply," and that O'Brien "therefore prepared th[e] Declaration in response to Plaintiff's Opposition to [O'Brien's] Motion to Dismiss." ("O'Brien Decl.," Dkt. No. 59 ¶ 2.)

//
//
//

---

[1] Those causes of action are 1) violation of §10(b)-5 of the Securities Exchange Act of 1934 and Corporations Code §25400; 2) fraud; 3) intentional misrepresentation; 4) negligent misrepresentation; 5) breach of fiduciary duty; 6) aiding and abetting fraud; 7) aiding and abetting intentional misrepresentation; 8) aiding and abetting negligent misrepresentation; 9) aiding and abetting breach of fiduciary duty; 10) breach of contract; 11) breach of the implied covenant of good faith and fair dealing; 12) fraudulent inducement; 13) negligence; 14) conversion; 15) unjust enrichment; 16) accounting; 17) fraudulent transfer – 11 U.S.C. §§ 544 and 550 and Civil Code §§ 3439.04(a) and 3439.05; 18) violation of Corporations Code § 25110; 19) breach of fiduciary duty – Corporations Code §§ 309 and 316; 20) violation of § 202(a)(11) the Investment Advisers Act of 1940 and Corporations Code § 25230; 21) violation of 15 U.S.C. § 78a, et seq. and Corporations Code § 25210; 22) violation of Corporations Code § 310; 23) control person liability – Corporations Code § 25504; 24) constructive trust; 25) violation of Government Code § 66473; 26) declaratory relief; and 27) injunctive relief.  (SAC.)

[2] R2H filed a supplement to its MTD on November 16, 2018.  ("R2H MTD Supp.," Dkt. No. 46) to include the declaration of Gayathiri Shanmuganatha (Dkt. No. 46-1).

## II. FACTUAL ALLEGATIONS

Plaintiffs' allegations arise, in sum, from a series of transactions made by VLP CA subsequent to Plaintiffs' investment in that company. Plaintiffs claim that, in July 2012, they purchased 100% of the outstanding shares of VLP CA in exchange for consideration of a payment of $1.39 million, in addition to previously made loans, amounting to a total transfer of approximately $2.8 million to VLP CA. (SAC ¶ 1.) In March 2013, VLP CA purchased 471 acres of undeveloped real property from PulteGroup, Inc. (the "Pulte Land"). (Id. ¶ 5.) On February 26, 2015, VLP CA, through the actions of Defendants Brayshaw, Nyhuis, and Runnels, members of VLP CA's board of directors, conveyed 301 acres of the Pulte Land (the "North Section") to GMS. (Id. ¶ 7.) Plaintiffs claim that this transfer was improper, as it was made without their approval and for no consideration. (Id. ¶¶ 6, 15.) Also on February 26, 2015, Brayshaw, Nyhuis, Runnels, John Hensler, and Robert Hensler issued a Deed of Trust in the amount of $4.85 million to R2H on the North Section. (Id. ¶ 11.) Plaintiffs claim that, at the time of the February 26, 2015 issuance of the Deed of Trust to R2H, controlling members of R2H had actual knowledge that the transfer of the North Section from VLP to GMS was unlawful and, consequently, that GMS was not a bona fide purchaser. (Id. ¶¶ 16–18.)

The above facts and allegations were the subject of a lawsuit filed in this Court on November 19, 2016, which raised nearly identical claims to those presented here[3] and which was dismissed with prejudice, against all defendants,[4] on Plaintiffs' motion of March 21, 2018. Rolloco Holdings, Inc. et al. v. VLP Capital Inc. et al., EDCV-16-2334-JGB (C.D. Cal. March 21, 2018) (the "2016 Lawsuit.") Plaintiffs' voluntary dismissal, with prejudice, of the 2016 Lawsuit

---

[3] The 2016 Lawsuit involved the following claims: 1) violation of § 10(b)-5 of the Securities Exchange Act of 1934 and California Corporations Code § 25400; 2) fraud; 3) intentional misrepresentation; 4) negligent misrepresentation; 5) breach of contract; 6) breach of the implied covenant of good faith and fair dealing; 7) negligence; 8) conversion; 9) professional negligence; 10) breach of fiduciary duty; 11) negligent infliction of emotional distress; 12) unjust enrichment; 13) fraudulent transfer – 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439.04(a) and 3439.05; 14) violation of California Corporations Code § 25110; 15) breach of fiduciary duty – Corporation Code §§ 309 and 316; (16) violation of § 202(a)(11) of the Investment Advisers Act of 1940 and California Corporations Code § 25230; (17) violation of 15 U.S.C. § 78a, et seq. and California Corporations Code § 25210; 18) violation of California Corporations Code § 310; 19) control person liability – 15 U.S.C. § 78t(a) and California Corporations Code § 25504; 20) accounting; 21) declaratory relief; and 22) injunctive relief. ("2016 Complaint," 2016 Lawsuit Dkt. No. 1.)

[4] Plaintiffs named the following defendants in the 2016 Lawsuit: VLP CA; VLP NV; Vanguard Leisure Properties Real Estate Investment Trust ("Vanguard"); VLP LLC; VLP Mgmt; DD Mgmt; DDGC Holdings; DDGC Ops; DD Condos; California East Coast Regional Center, LLC; USCIS Regional Center; GMS; California Foreign Investment and Immigration Center, LLC ("CFIIC"); AMAG; R2H; RBMC; Glen Brayshaw; Michael Nyhuis; Sean Runnels; and Gene O'Brien ("2016 Defendants"). (2016 Complaint.)

followed its resolution through a settlement agreement between Plaintiffs and several of the named Defendants. ("Settlement Agreement" or "Agreement," Dkt. No. 39-1 at 1–15[5]; "Notice of Voluntary Dismissal with Prejudice," 2016 Lawsuit Dkt. No. 52.) Pursuant to the terms of the Settlement Agreement, GMS agreed to issue a subordinated promissory note to Rolloco Holdings in the value of $2,560,000. (Settlement Agreement ¶ 5(b).) That promissory note would be secured by a Deed of Trust against the North Section of the Pulte Land, which Plaintiffs agreed would be recorded as a third junior lien, expressly subordinated to liens securing senior loans issued by R2H in the total value of $6,600,000. (Id.) The parties to the Settlement Agreement, which did not include R2H, agreed to resolve any and all claims arising from the 2016 Lawsuit and release from liability for those claims the parties who executed the Agreement and all 2016 Defendants as well as, inter alia, their owners, agents, stockholders, directors, officers, and creditors. (Id. ¶ 6.)

On April 24, 2018, following GMS's default in required payments, first-position lienholder R2H recorded two notices of default, which it replaced with two additional notices of default on May 11, 2018. (SAC ¶¶ 26–27; "Notices of Default," Dkt. No. 39-1 at 53–70.) GMS failed to become current on its obligations subsequent to the Notice of Default. (SAC ¶ 28.) Plaintiffs allege that the settling Defendants fraudulently misrepresented that there were not delinquent on payments owed under the Deed of Trust at the time they entered into the Settlement Agreement. (Id. ¶ 29.)

### III. REQUESTS FOR JUDICIAL NOTICE

The BTC Defendants, O'Brien, and Plaintiffs filed requests for judicial notice. ("BTC RJN," Dkt. No. 43; "O'Brien RJN," Dkt. No. 49-2; "Plaintiffs' RJN," Dkt. No. 56.) The BTC Defendants and O'Brien request that the Court take notice of the 2016 Complaint, the Notice of Voluntary Dismissal with Prejudice from the 2016 Lawsuit, and a Notice of Voluntary Dismissal without Prejudice filed by Plaintiffs prior to the Notice of Voluntary Dismissal with Prejudice. (BTC RJN at 2–3; O'Brien RJN at 2.) Courts "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). The Court therefore takes judicial notice of the 2016 Complaint and the Notice of Voluntary Dismissal with Prejudice. Because the Court does not rely on the Notice of Voluntary Dismissal without Prejudice, it declines to take judicial notice of it.

Plaintiffs request that the Court take judicial notice of the SAC in this action. (Plaintiffs' RJN at 2.) The Court DENIES Plaintiffs' RJN because records on this Court's own docket in this matter are improper subjects of judicial notice.

---

[5] Here, because Dkt. No. 39-1 includes multiple exhibits with distinct pagination, the Court refers to the page numbers contained in the heading generated by the Electronic Case File ("ECF") system. Hereinafter, when citing the documents in Dkt. No. 39-1, the Court will refer to the paragraph numbers or page numbers within each document.

## IV. MOTIONS TO DISMISS

### A. Legal Standard

All four groups of moving Defendants argue that Plaintiffs' claims are barred by res judicata.[6] (R2H MTD at 8–11; DD Memo at 11–13; BTC MTD at 8–10; O'Brien Memo at 14–18.) "The res judicata effect of federal court judgments is a matter of federal law." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citations omitted). Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). The doctrine bars subsequent claims when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id. (quoting Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)).

### B. Discussion

#### 1. Identity of Claims

First, to determine whether successive actions involve the same claims, the Court looks to (1) whether rights and interests established in a prior judgment would be destroyed or impaired by prosecution of a subsequent action; (2) whether substantially the same evidence was presented in prior and subsequent actions; (3) whether the actions involve infringement of the same right; and (4) whether the actions arise out of the same transactional nucleus of facts. See Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993). Of these factors, the "central criterion" in determining whether there is identity of claims is whether the actions arise out of the same transactional nucleus of facts. Owens, 244 F.3d at 714.

R2H acknowledges that Plaintiffs allege ten claims against it in the present action that were not alleged in the 2016 Lawsuit. (R2H MTD at 10.) However, it argues that "these 'new' causes of action arise from the same nucleus of facts litigated in the 2016 Lawsuit." (Id.) Likewise, the Desert Dunes Defendants maintain that "the claims in this action are virtually identical to those asserted in the *2016 Action*, and all of the allegations arise from the same nucleus of facts." (DD Memo at 11.) The BTC Defendants point out that, "[o]f the twenty-seven causes of action alleged in this case, twenty claims are identical to those alleged in the 2016 Action[,]" while the remaining claims "are also based upon the same set of operative facts." (BTC MTD at 10–11.) O'Brien advances similar arguments. (See O'Brien Memo at 14–17.)

Plaintiffs respond to R2H by pointing out that they allege many new causes of action against R2H in the present action. (R2H Opp. at 14.) However, they do not address R2H's

---

[6] Because the Court decides the Motions on res judicata grounds, it does not consider Defendants' other arguments for dismissal.

contention that these "new" claims derive from the same nucleus of facts. Plaintiffs also emphasize that they did not bring a claim for fraudulent inducement in the 2016 Lawsuit nor could they have because the claim is based on the allegation that Defendants fraudulently induced Plaintiffs to enter into the Settlement Agreement in 2018. (Id.) Plaintiffs' Oppositions to the remaining Motions address only the fact that the fraudulent inducement claim could not have been brought in the 2016 Action. (See DD Opp. at 17; BTC Opp. at 12; O'Brien Opp. at 12.)

The Court agrees with Defendants that all of Plaintiffs' claims – except the fraudulent inducement claim – arise out of the same nucleus of facts and involve infringement of the same rights as the claims brought in the 2016 Lawsuit. See Owens, 244 F.3d at 713. Moreover, Defendants' rights under the Settlement Agreement would be destroyed if Plaintiffs were permitted to bring substantially the same claims in this action. See id. Finally, if the claims other than fraudulent inducement moved forward, they would be supported by the same evidence at issue in the 2016 Lawsuit. See id. The Court therefore finds that Plaintiffs' current claims – with the exception of the fraudulent inducement claim – are the same as the claims brought in the 2016 Lawsuit for the purposes of res judicata.

### 2. Final Judgment on the Merits

The moving Defendants argue that Plaintiffs' dismissal of the 2016 Lawsuit with prejudice constituted a final judgment on the merits. (R2H MTD at 10 (citing Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002); Paganis v. Blonstein, 3 F.3d 1067, 1071 (7th Cir. 1993); Editora Musical Musart S.A. de C.V. v. Azteca Intl. Corp., 2012 WL 13008433, at *5 (C.D. Cal. Mar. 23, 2012)); see also DD Memo at 12; MTC MTD at 9–10; O'Brien Memo at 17–18.) Plaintiffs do not argue otherwise.[7] Based on the authority cited by the moving Defendants, the Court concludes that the 2016 Lawsuit resulted in a final judgment on the merits.

### 3. Identity or Privity Between Parties

Here, Plaintiffs are undisputedly identical to the plaintiffs in the 2016 Lawsuit. Many of the Defendants in this action were also named in the 2016 Lawsuit. Plaintiffs do not dispute that

---

[7] Plaintiffs contend that "the gravamen of the 2018 Action is that Plaintiffs seek a judicial determination that the Settlement Agreement is null and void, and therefore allege a cause of action for Fraudulent Inducement." (DD Opp. at 17; R2H Opp. at 14; BTC Opp. at 12; O'Brien MTD at 12.) Plaintiffs do not argue that such a determination would have any effect on the finality of the 2016 judgment for purposes of res judicata. Nor is the Court aware of any authority allowing it to rescind the settlement agreement, vacate the prior judgment sua sponte, and permit Plaintiffs to proceed with their claims at this time. The Court notes that "[t]he proper vehicle for setting aside a judgment is Federal Rule of Civil Procedure 60, which permits a court to relieve a party from a final judgment or order." Zone Sports Ctr. Inc. LLC v. Red Head, Inc., 2013 WL 2252016, at *6 (N.D. Cal. May 22, 2013).

this criterion is satisfied as to those Defendants. The Court therefore finds that all claims, except the fraudulent inducement claim, against the following Defendants are barred by claim preclusion: VLP CA; VLP NV; VLP Capital, LLC ("VLP LLC"); VLP Mgmt; GMS; R2H; DD Mgmt; DDGC Holdings; DDGC Ops; DD Condos; AMAG, Inc. ("AMAG"); Richard Bilos Medical Corporation ("RBMC"); Glen Brayshaw; Michael Nyhuis; Sean Runnels; and Gene O'Brien. (Cf. SAC at 1–2, with 2016 Complaint at 1–2.)

The question remaining is whether the Defendants in this action who were not named as defendants in the 2016 Lawsuit[8] are in privity with the 2016 Defendants. For the purposes of res judicata, privity of parties may exist either where litigants are identical or where there is "substantial identity" between parties – i.e., where there is sufficient commonality of interest. Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003). The Desert Dunes Defendants argue that they are in privity with GMS and R2H, "the two entities Plaintiffs claim DD/Hensler controlled[.]" (DD Memo at 12.) Specifically, they point out that "the SAC makes clear that Desert Dunes and Mr. Hensler share a commonality of interests, as Plaintiffs repeatedly allege that Mr. Hensler controls both Desert Dunes and R2H, and Desert Dunes controls GMS." (Id. at 13.)

Plaintiffs counter that the issue of privity is "a question of fact that has not been determined." (DD Opp. at 16 (citing Crane Boom Life Guard Co. v. Saf-T-Boom Corp., 362 F.2d 317 (8th Cir. 1966), cert. denied, 386 U.S. 908 (1967)).) However, Ninth Circuit courts regularly rely on allegations in the complaint to determine whether privity exists between former and current defendants. See, e.g., In re JNC Companies, 996 F.2d 1225 (9th Cir. 1993) (unpublished) (concluding that identical allegations against two sets of defendants "demonstrate[d] that the claims asserted against [one set of defendants] [were] sufficiently similar to the claims against [defendant in the later action] to support a finding of privity for the purposes of claim preclusion"); Drake v. Niello Co., 2018 WL 1256762, at *7 (E.D. Cal. Mar. 12, 2018), report and recommendation adopted, 2018 WL 3031588 (E.D. Cal. Apr. 12, 2018) ("[P]laintiff's allegations demonstrate that the [defendant] entities are in privity and the claims against the defendants involve the same vehicle and transaction."); Macklin v. Hollingsworth, 2014 WL 4417770, at *14 (E.D. Cal. Sept. 8, 2014), report and recommendation adopted, 2014 WL 7399214 (E.D. Cal. Dec. 29, 2014) (finding that plaintiff's allegation of an agency relationship between former defendant and current defendant was sufficient to show privity). Plaintiffs do not argue that privity is lacking between the Defendants who were not parties to the 2016 Lawsuit and the 2016 Defendants.

In the SAC, Plaintiffs allege that R2H is the alter ego of DD LLC (SAC ¶¶ 11, 16) and GMS is the alter ego of Brayshaw, Nyhuis, Runnels, John Hensler, and Robert Hensler (id. at

---

[8] Those Defendants are BTC, LJ, M.A.N., CV Land Co., DD LLC, John Hensler, and Robert Hensler. (Cf. SAC at 1–2, with 2016 Complaint at 1–2.) Of these, BTC, LJ, M.A.N., and CV Land Co. are among the BTC Defendants. (See BTC MTD.) DD LLC and Robert Hensler are the Desert Dunes Defendants. (See DD MTD.) John Hensler is not among the moving Defendants because he was not served. (DD Memo at 1 n. 1.)

39).  This Court has previously found claims barred by res judicata based on allegations of alter ego status.  See IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co., 2015 WL 13357602, at *4–5 (C.D. Cal. Mar. 20, 2015) (collecting cases).  Plaintiffs further maintain that "each Defendant was the agent of the others in connection with all activities referenced in this Complaint and each is responsible for the activities of the others."  (Id. ¶ 70.)  Thus, because many of the current Defendants were also named in the 2016 Lawsuit, Plaintiffs necessarily allege that DD LLC, Robert Hensler, BTC, LJ, M.A.N., and CV Land Co. were agents of several of the 2016 Defendants.  "The alleged existence of an agency relationship is sufficient to show privity between . . . two defendants for purposes of claim preclusion."  Macklin, 2014 WL 4417770, at *14 (citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 691–92 (9th Cir.2007)).  Due to Plaintiffs' allegations of alter ego status and agency relationships, and because Plaintiffs advance no arguments against a finding of privity, the Court concludes that DD LLC, Robert Hensler, BTC, LJ, M.A.N., and CV Land Co. are in privity with defendants in the 2016 Lawsuit.

In summary, the Court determines that Plaintiffs' claims, except the fraudulent inducement claim, are barred by res judicata as to all Defendants.  The fraudulent inducement claim is not barred under the doctrine of claim preclusion as it was not and could not have been raised in the 2016 Lawsuit.  Consequently, the first through tenth and thirteenth through twenty-seventh claims are DISMISSED WITH PREJUDICE.

Federal question jurisdiction was the only basis of original jurisdiction asserted by the removing Defendants.  (See Notice of Removal.)  Because the Court dismisses Plaintiffs' federal law claims, it has discretion whether to retain supplemental jurisdiction over the remaining state law claim.[9]  See 28 U.S.C.S. § 1367(c)(3).  The Court declines to exercise supplemental jurisdiction.  Plaintiffs' fraudulent inducement claim is therefore REMANDED to state court.

### 4.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendants' Motions, DISMISSES WITH PREJUDICE the first through eleventh and thirteenth through twenty-seventh claims, and REMANDS the remaining claim to the Superior Court for the County of Riverside for all further proceedings.  The hearing set for April 8, 2019 is VACATED.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

---

[9] The Court lacks an independent basis of jurisdiction over the validity of the Settlement Agreement because neither the Agreement nor any order of the Court provides for continued jurisdiction over disputes relating to the Agreement.  See Zone Sports, 2013 WL 2252016, at *6 ("Unless a federal court expressly retains jurisdiction over the enforceability or validity of a settlement agreement, a federal court cannot entertain an action to enforce or undo a settlement agreement if that action lacks an independent basis for federal jurisdiction.").  (See generally Settlement Agreement; 2016 Lawsuit Docket.)